IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Akosua Aaebo,
Petitioner

Case # 19-696-cv-w-SRL

Division:

v.

The Depository Trust & Clearing Corporation
Defendant

# PETITION

Comes now Petitioner Akosua Aaebo filing suit against The Depository Trust & Clearing Corporation (hereinafter "Defendant") to move the Court to enter judgment for fraud by conversion, abuse of process, constructive fraud, telecommunications fraud, larceny, mortgage fraud, insurance fraud and securities fraud, and award Petitioner $8 million in monetary damages and $80 million in punitive damages, together with such other and further relief as the Court may deem reasonable and just under the circumstances, and states:

## JURISDICTIONAL ALLEGATIONS

1. This is an action for fraud by conversion, abuse of process, constructive fraud, telecommunications fraud, larceny, mortgage

1

fraud, insurance fraud and securities fraud.

2. This is an action for monetary and punitive damages.

3. The real property in question is this action is located at 13128 Ashland Avenue Grandview MO 64030, Legal Description: Lot 117, PARK HILLS, Lots 99 thru 224, a subdivision in Grandview, Jackson County, Missouri according to the recorded plat thereof.

4. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Jackson County, Missouri.

5. Petitioner is a citizen of the state of Missouri.

6. Defendant is a citizen of the state of New York.

7. This action is subject to federal jurisdiction due to 1) diversity amongst parties, 2) damages exceeding $75,000, and 3) federal matters in question.

8. This Court has jurisdiction.

## GENERAL FACTUAL ALLEGATIONS

9. Petitioner sought to refinance her property in 2005.

10. Countrywide Home Loans, Inc. required Petitioner to execute Form 1003 - Mortgage Loan Application Countrywide Home Loans, Inc. to receive consideration for a refinance loan.

2

11. On February 15, 2005 Petitioner executed a Note and Deed of Trust to Countrywide Home Loans, Inc. to refinance her property.

12. Countrywide Home Loans, Inc. (fka America's Wholesale Lender) sold and transferred the Note and Deed of Trust associated with the property into the CWABS, Inc., Asset-Backed Certificates Trust 2005-3 on or before March 1, 2005 in accordance with the terms outlined in Pooling & Servicing Agreement CWABS 2005-3.

13. Pooling & Servicing Agreement CWABS 2005-3 can be viewed free of charge at http://edgar.sec.gov/, the Securities & Exchange Commission website, under file number 333-118926-22 and at http://www.secinfo.com.

14. Countrywide Home Loans, Inc. (fka America's Wholesale Lender) failed to fund the alleged mortgage loan in this case.

15. Countrywide Home Loans Servicing LP, as Master Servicer electronically filed Form 10-K with the SEC on March 27, 2006 on behalf of CWABS, Inc., Asset-Backed Certificates Trust 2005-3 declaring CWABS, Inc., Asset-Backed Certificates Trust 2005-3 was registered as a statutory trust and REMIC in the state of Delaware. This document can be viewed free of charge at http://edgar.sec.gov/, the Securities & Exchange Commission website, under file number

333-118926-22.

16. Defendant held the Note and Deed of Trust after transfer into CWABS, Inc., Asset-Backed Certificates Trust 2005-3.

17. Unbeknownst to Petitioner, Form 1003 - Mortgage Loan Application stated Petitioner would receive credit, and not money.

18. Defendant processes securities transactions on behalf of national mortgage lenders and is a registered clearing agency for Securities and Exchange Commission.

19. On or about February 15, 2005, Defendant processed the fraudulent securities transaction in which its client, Countrywide Home Loans, Inc., used the Note and Deed of Trust executed by Petitioner to illegally extract money from a trust account established on her behalf to fund the loan.

20. Petitioner was the legal owner of the monies illegally extracted from her trust account by Countrywide Home Loans, Inc. to fund the loan.

21. Unaware of the fraudulent acts of Countrywide Home Loans, Inc., Petitioner paid for title insurance and years of increasing variable interest rate monthly mortgage payments, she did not owe.

22. Defendant, having full knowledge that Petitioner owed no

4

monies to its client, Countrywide Home Loans, Inc., continued to fraudulently hold the Note and Deed of Trust as security.

23. Defendant processed fraudulent securities transactions on behalf of CWABS, Inc. which consisted of selling Asset-Backed Certificates, Series 2005-3 to Certificateholders that reflected security interest in Petitioner's property.

24. The Bank of New York Mellon (fka The Bank of New York), as Trustee for The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-3 used the Note and Deed of Trust, still fraudulently being held by Defendant, as security to illegally foreclose on December 4, 2014.

25. Petitioner was the outright legal owner of her property at the time of foreclosure because she was the legal owner of the monies illegally extracted money from her trust account by Countrywide Home Loans, Inc. to fund the loan.

26. After the illegal foreclosure on December 4, 2014, Defendant processed the release of funds as direct result of a fraudulent insurance claim filed by its client, The Bank of New York Mellon (fka The Bank of New York), as Trustee for The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-3, against the

5

private mortgage insurance policy Petitioner established with United
Guaranty, subsidiary of American International Group, on or about
February 15, 2005 to insure mortgage interests in the property,
despite Defendant having full knowledge that the related mortgage
was fraudulent.

27. Defendant's illegal acts resulted in the nullification of 1)
Petitioner's legal ownership of the property, 2) Petitioner's eligibility
as a landlord in governmental housing assistance programs, 3) legal
right to collect rents, 4) Petitioner's legal right to maintain
homeowner's insurance and file insurance claims, 5) Petitioner's
legal right to sell or refinance the property, 6) Petitioner's legal right to
access or reside in the property, and 7) Petitioner's legal right to
perform required maintenance and upkeep of the property.

28. Defendant's illegal acts have caused Plaintiff great hardship,
including by not limited to: 1) homelessness, 2) incurred tax debt, 3)
inability to adequately provide for herself or her children, 4) loss of
rents, 5) loss of increased market value of property, 6) humiliation
and 7) severed familial relationships.

29. All of the aforementioned fraudulent trust account, securities
and insurance claim transactions in this case were made by

6

Case 4:19-cv-00696-FJG   Document 5   Filed 01/23/20   Page 6 of 12

electronic means.

## LAWS GOVERNING PETITIONER'S ALLEGATIONS AGAINST DEFENDANT

- Trust account fraud is governed by Uniform Trust Code.

- Telecommunications fraud is governed by 18 U.S. Code §1029

- Mortgage fraud is governed by 18 U.S. Code Chapter 47.

- Insurance fraud is governed by 18 U.S. Code Chapter 47.

- Securities fraud is governed by 18 U.S. Code §1348 and §3301.

- Constructive fraud is governed by 18 U.S. Code Chapter 47.

- Larceny 10 U.S. Code §921.

- Fraud by conversion is governed by 22 U.S. Code §1341.

- Abuse of process is governed by 22 U.S. Code §7102.

## COUNTS AGAINST DEFFENDANT

1. FRAUD BY CONVERSION – COUNT ONE

    a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

    b. Defendant assisted its clients, Countrywide Home Loans, Inc.

7

andThe Bank of New York Mellon (fka The Bank of New York), as Trustee for The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-3, in fraudulently converting ownership of Petitioner's property to Countrywide Home Loans, Inc. andThe Bank of New York Mellon (fka The Bank of New York), as Trustee for The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-3, respectively, by knowingly holding fraudulent security against Petitioner's property.

2. ABUSE OF PROCESS – COUNT TWO

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant abused its authority as securities transaction processor on behalf of national mortgage lenders and registered clearing agency for Securities and Exchange Commission by processing fraudulent trust account, securities and insurance claim transactions, and holding fraudulent securities.

3. CONSTRUCTIVE FRAUD – COUNT THREE

   a. Petitioner realleges and restates the foregoing jurisdictional

8

allegations and general factual allegations.

b. Defendant breached its fiduciary duty by allowing its client, Countrywide Home Loans, Inc., to illegally extract money from Petitioner's trust account using a Note and Deed of Trust that clearly states Countrywide Home Loans, Inc. was responsible to fund the mortgage loan in question. Defendant also breached its fiduciary duty by holding fraudulent security against Petitioner's property.

4. TELECOMMUNICATIONS FRAUD – COUNT FOUR

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant's fraudulent electronic processing of the trust account, securities and insurance claim transactions in this case constitutes telecommunications fraud.

5. SECURITIES FRAUD – COUNT FIVE

   a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

   b. Defendant's electronic processing of fraudulent securities transactions regarding Petitioner's trust account and holding fraudulent security against Petitioner's property constitutes

securities fraud.

6. MORTGAGE FRAUD – COUNT SIX

    a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

    b. Defendant's holding of fraudulent security against Plaintiff's property constitutes mortgage fraud.

7. INSURANCE FRAUD – COUNT SEVEN

    a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.

    b. Defendant processing the release of funds as direct result of a fraudulent insurance claim filed by its client, The Bank of New York Mellon (fka The Bank of New York), as Trustee for The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-3, against the private mortgage insurance policy Petitioner established with United Guaranty, subsidiary of American International Group, on or about February 15, 2005 to insure mortgage interests in the property, despite Defendant having full knowledge that the related mortgage was fraudulent, constitutes insurance fraud.

8. LARCENY – COUNT EIGHT

a. Petitioner realleges and restates the foregoing jurisdictional allegations and general factual allegations.
   b. Defendant assisting its clients, Countrywide Home Loans, Inc. and The Bank of New York Mellon (fka The Bank of New York), as Trustee for The Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-3, respectively, in stealing thousands of dollars in monthly mortgage payments from Petitioner and ownership her property constitutes larceny.

**IN CONCLUSION** Given Defendant's industry prowess as processor of securities transactions on behalf of national mortgage lenders and registered clearing agency for Securities and Exchange Commission, Defendant's intentional and illegal acts against Petitioner deserve more than a slap on the wrist and more importantly, serve as a risk to the general public.

**WHEREFORE** Petitioner Akosua Tanisha Aaebo moves the Court to move the Court to enter judgment for fraud by conversion, abuse of process, constructive fraud, telecommunications fraud, larceny, mortgage fraud, and securities fraud, and award Petitioner $8 million in monetary damages and

11

$80 million in punitive damages, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

*(signature)*

Akosua Tanisha Aaebo, Petitioner

8648 Osage Avenue

Kansas City, KS 66111

12

Case 4:19-cv-00696-FJG   Document 5   Filed 01/23/20   Page 12 of 12